**John R. King et al., Appellees, v. William A. Gray, Appellant.**

### Gen. No. 5412.

1. INSTRUCTIONS—*when erroneous, upon preponderance of evidence will not reverse.* An instruction upon this subject which omits a reference to the number of witnesses testifying, although erroneous will not reverse if the error was favorable rather than prejudicial to the complaining party.

2. INSTRUCTIONS—*when refusal of correct will not reverse.* The refusal of an abstract proposition of law although correct in form will not reverse.

3. INSTRUCTIONS—*predicated upon evidence*. An instruction is properly refused which is not predicated upon any evidence in the cause.

Assumpsit. Appeal from the Circuit Court of Peoria county; the Hon. L. D. PUTERBAUGH, Judge, presiding. Heard in this court at the October term, 1910. Affirmed. Opinion filed March 16, 1911. Rehearing denied April 21, 1911.

DAILEY & MILLER and C. C. DUTCH, for appellant.

A. M. OTMAN, for appellees.

MR. PRESIDING JUSTICE WILLIS delivered the opinion of the court.

John B. King and Leaton McC. Boggess brought this suit in the Circuit Court of Peoria county, against William A. Gray, to recover $1091.80 composed of three items. The declaration consisted of the common counts, to which was interposed a plea of *non-assumpsit* and a special plea denying liability except as to an item of $61.30. The items disputed were: one of $1,000 claimed as commissions in negotiating a contract to consolidate two telephone companies, in one of which Gray was interested; the other $30.50 paid for printing bonds for the new company. A trial resulted in a verdict and a judgment for the full amount claimed, and Gray prosecutes this appeal to review the judgment.

Appellant's contentions are: that the contract upon which appellees rely to recover the $1,000 item was unconscionable; that the verdict is contrary to the law and the evidence; that the jury were improperly instructed on behalf of appellees; and proper instructions on behalf of appellant were refused; and that the verdict was excessive.

The evidence shows that appellees are attorneys at law and partners; that appellee King had been the personal attorney of Gray and an attorney of the telephone company in which Gray was interested; but

there is nothing in the evidence that tended to establish appellant's claim that the contract by which King was employed to negotiate the combination of the telephone companies was unconscionable. The testimony of appellee King as to the facts upon which appellees' right of recovery rested was corroborated in parts by three witnesses. Appellant's testimony, which tended to negative the right of recovery, was corroborated in part by only one witness. The jury and the court had the opportunity of seeing the witnesses and noting their demeanor while on the stand. They had better means than we have to compare and properly estimate the credibility and value of their evidence. It was within the province of the jury to fully consider, weigh and reconcile the conflict in their testimony, so far as that could be done, and when they were unable so to do, then to reject such portions as they believed were not entitled to credit. The presumption is that the jurors have done their duty, and found correctly; that the trial judge, being in a position to determine accurately whether the finding is right, has determined correctly in overruling the motion for a new trial. We must therefore leave the question of the credibility of the witnesses and the worth of their evidence where the law placed it, with the jury, and decline to disturb their finding, since the verdict does not appear to be clearly and palpably against the evidence.

Appellees' first given instruction was on the measure of damages, and told the jury that by the pleadings in the case appellant admitted that he owed the sum of $61.30, and that they should find that sum for appellees, in addition to any sum or sums they might or might not find from all the evidence to be owing on the two disputed claims.

Counsel for appellant argue that the language of the instruction was misleading in as much as it instructed the jury to find for an additional sum even though they might not find such sum to be due. There

was, in our opinion, no error in the court's directing the jury that they must find for the amount admitted to be owing independent of whatever else they found, and we are of opinion that the jury would so understand the instruction; and this we think sufficiently answers appellant's objection to the giving of appellees' 5th instruction which related only to the form of the verdict.

Appellees' 3rd instruction read as follows:

"The jury are instructed, that the preponderance of evidence in a case is not determined alone by the number of witnesses testifying to a material fact, or state of facts. In determining upon which side the preponderance of the evidence is on, the jury should take into consideration the opportunities of the several witnesses for seeing or knowing the things about which they testify, their conduct and demeanor while testifying, their interest or lack of interest, if any, in the result of the suit; the probability or improbability of the truth of their several statements, in view of all the evidence, facts and circumstances proved on the trial; and from all these circumstances determine upon which side is the weight or preponderance of the evidence."

Appellant's criticism of this instruction is that it omitted reference to the number of witnesses testifying as an element to be considered. It is true that in E. J. & E. R. R. Co. v. Lawlor, 229 Ill. 621, the court speaking of a similar instruction said: "We do not think it can be said that this court has given its unqualified approval to this instruction, or that it might not be misleading in a case where the question of numbers was important and no other instruction was given supplementing it." And in the same case the court said, "we would not feel justified in reversing the judgment on account of it." Therefore, it is plain that the instruction, to have been strictly accurate, should have contained the element of the number of witnesses testifying. In the case at bar three witnesses aside from King testified in support of appel-

lees' theory of the case, while appellant was only partially corroborated in his theory of the case by one witness. Hence it would seem that the instruction as given was more in favor of appellant than it would have been had it been strictly accurate; and the giving of it, in our opinion, was not reversible error, as against appellant.

Appellant's 5th refused instruction read as follows:

"The court instructs the jury that, in law, an agent is required to exercise good faith in his dealings with and for his principal; and has no right to use his position as such agent for the advancement of his personal interests to the detriment of his principal, unless such principal consents to such action on the part of his said agent."

This instruction states a correct principle of law, but there was no evidence in the case upon which to base such an instruction and it was an abstract proposition of law. Neither was there any evidence supporting appellant's 6th and 8th instructions, and for that reason there was no error in their refusal.

Appellant's 10th refused instruction was limited to the question of the revocation of the contract claimed to have been made, and directed a verdict for defendant if there was no such revocation, whereas it was admitted at the trial that plaintiffs were entitled to recover at least $61.30. The error urged because of its refusal is that appellant "had the right to have the jury instructed upon what, in law, amounted to a ratification, for the ratification of the contract was a material issue in the case." Had the instruction been applicable to the evidence its refusal would not be reversible error for the reason that appellant's 1st given instruction contained substantially all of that part of the instruction of the refusal of which he complains.

Nothing appears in the record to justify appellant's contention that the judgment is excessive.

Finding no reversible error of law in the record the judgment of the lower court is affirmed.

*Affirmed.*